# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOUIS REY PEREZ, III,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No. 23-CV-718-JPS<br><br><br>**ORDER** |

On June 2, 2023, Petitioner Louis Rey Perez, III ("Perez" or "Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The Court will now screen Perez's motion.

**1.     BACKGROUND**

Perez's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Louis Rey Perez, III*, 20-cr-185-1-JPS (E.D. Wis.).[1] He was therein sentenced to a total term of imprisonment of 252 months, to be followed by a five-year term of supervised release, following his guilty plea to conspiracy to possess with intent to distribute cocaine and marijuana and possession of a firearm in furtherance of drug trafficking. CR-ECF Nos. 356, 560. Perez filed a notice of appeal on April 28, 2022, CR-ECF No. 573, but voluntarily dismissed his appeal on August 26, 2022, CR-ECF No. 704; *see also* ECF No. 1 at 1–2. He represents that he has not filed any "other motions, petitions, or applications, concerning this judgment of conviction in any court." *Id*.

---

[1] Docket references thereto will be cited as CR-ECF.

Perez purports to raise four grounds for relief, all of which ostensibly sound in ineffective assistance of counsel regarding Perez's trial counsel, Attorney Patrick Cafferty. *Id*. at 4–8. The grounds are as follows:

(1) "Violation of 6th Amendment Right to effective assistance of counsel for failing to investigate and introduce new evidence that was reliable and readily available," "failure to object to governments [sic] relevant conduct of Drug amount," and failure to "cross-examine Police Officers or C.I. about amount of drugs" [Ground One];

(2) Ineffective assistance of counsel for "not challenging 924(c)(A)(i)" because "Mr. Perez was never in the presence of a firearm in furtherance of a crime" [Ground Two];

(3) "Counsel was ineffective for violating [Perez's] constitutional right of due process of law under 14th Amendment" because "Perez was in solitary confindment [sic] for 3[2] months . . . unable to contact counsel or obtain any legal counsel," "never received a copy of plea agreement," and "was pressured and unknowledgable [sic] of plea agreement" [Ground Three]; and

(4) "Counsel was ineffective for not filing motion to suppress for evidence in 841(a)(b) controlled substance, Distribute, or Dispense" because "[n]o control [sic] buys were ever made by officials or DEA, no drug residue found on Mr. Perez property or person," yet "[n]o motions was [sic] filed to suppress or test any drug content for purety [sic] or actuality." [Ground Four]

*Id*.

**2.    SCREENING**

The Court must now screen Perez's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party

---

[2] It is not clear if Petitioner wrote 3 or 6 months. ECF No. 1 at 6.

is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the motion.

### 2.1 Timeliness

The Court begins by addressing the timeliness of Perez's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1.

Alternatively, "[i]f a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-

Page 3 of 8
Case 2:23-cv-00718-JPS    Filed 07/10/23    Page 3 of 8    Document 2

3309, 2022 U.S. Dist. LEXIS 45610, at *4 (C.D. Ill. March 15, 2022) (citing *Clay*, 537 U.S. at 524–25).

And in this circumstance, where a petitioner filed a notice of appeal but then moved to voluntarily dismiss it, the conviction becomes final "90 days after [the petitioner] voluntarily dismissed his . . . appeal and the Seventh Circuit issued the mandate." *Gulley v. United States*, No. 17-2122, 2017 U.S. Dist. LEXIS 86850, at *7 (C.D. Ill. June 5, 2017) (citing *Lantham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008) ("A notice of appeal from a final decision puts the case in the court of appeals . . . . That some later event—such as the issuance of mandate or the denial of a certificate of appealability—puts the case 'out' again does not defeat the Supreme Court's authority . . . . So 90 days to seek certiorari is added to [the date the Court of Appeals dismissed the appeal and issued the mandate] . . . .") (internal citation omitted)).

Perez's judgment of conviction was entered on April 27, 2022. CR-ECF No. 560. He therefore had until May 11, 2022 to directly appeal. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal."). Perez timely filed his notice of appeal on April 28, 2022. CR-ECF No. 573.

The Seventh Circuit dismissed the appeal, on Petitioner's motion, on August 29, 2022. CR-ECF No. 704. Since Petitioner did not seek a writ of certiorari, his conviction became final 90 days from that date—on November 27, 2022. Petitioner had a year from that date within which to file his § 2255 petition. He did so, having mailed his motion on May 25, 2023.

ECF No. 1 at 12. Petitioner's motion is therefore timely, irrespective of the application of the prison mailbox rule.[3]

### 2.2 Procedural Default

The Court next considers whether Perez's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that a petitioner did not raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Perez may raise a claim on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise the claim earlier and that the failure

---

[3]Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." *See also Thornton v. Cromwell,* No. 22-C-469, 2022 U.S. Dist. LEXIS 173762, at *5 (E.D. Wis. Sept. 26, 2022) ("Under the 'prison mailbox rule,' a federal habeas petition is deemed filed when the petitioner hands it over to the prison authorities for mailing to the district court.") (citing *Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999)).

has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Perez ostensibly seeks § 2255 relief on the basis of ineffective assistance of counsel, although it is not entirely clear that Ground Three is actually an ineffective assistance of counsel claim. Because claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion, these claims are not procedurally defaulted. *Massaro*, 538 U.S. at 504. To the extent that Ground Three may be a non-ineffective assistance of counsel claim with an ineffective assistance of counsel label, the parties may address this in later briefing.

### 2.3 Cognizable Claims

Having determined that Perez's claims do not fail on the statute of limitations or procedural default, the Court will consider whether the claims are cognizable and non-frivolous, in order to excise any plainly meritless claims. The Court cannot, at this stage, conclude that Perez's grounds for relief are plainly meritless.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer to Petitioner's motion, complying with Rule 5 of the Rules Governing § 2255 Cases; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have 30 days after the filing of Respondent's answer within which to file a brief in support of his motion, providing reasons why his conviction should be vacated.

b. Respondent shall file an opposition brief, with reasons why Petitioner's conviction should not be vacated, within 30 days of service of Petitioner's brief, or within 60 days from the date of this order if no brief is filed by Petitioner.

c. Petitioner may then file a reply brief, if he wishes to do so, within 15 days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have 30 days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the motion to vacate or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2023.

BY THE COURT:

_____
J.P. Stadtmueller

Page 7 of 8
Case 2:23-cv-00718-JPS   Filed 07/10/23   Page 7 of 8   Document 2

U.S. District Judge