# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LOUIS REY PEREZ, III,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

Case No. 23-CV-718-JPS

**ORDER**

On July 10, 2023, the Court ordered that "[w]ithin 30 days of entry of th[e] order, Respondent shall file either an appropriate motion seeking dismissal of this action or an answer to Petitioner's motion." ECF No. 2 at 7. Following an extension of time, ECF Nos. 4, 5, Respondent elected the latter course of action and filed an answer (labeled somewhat confusingly on the docket as a response) to Petitioner's § 2255 motion on September 11, 2023. ECF No. 7. The filing of that answer rendered Petitioner's brief in support of his motion due thirty (30) days therefrom. ECF No. 2 at 7.

Petitioner's brief is overdue, and he has made no other communication to the Court. "We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Petitioner should consider this Order his only warning: if he fails to submit his brief on or before **Monday, November 20, 2023,** the Court will have no choice but to dismiss Petitioner's case with prejudice for failure to

prosecute.[1] *See Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) ("Dismissal for failure to prosecute is, as provided in Fed. R. Civ. P. 41(b), with prejudice . . . ."); *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("[D]istrict courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (19962) and *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000)).

It is, after all, Petitioner's case, and the obligation to move it forward rests with him.

Accordingly,

**IT IS ORDERED** that Petitioner Louis Rey Perez, III shall **FILE** his brief in support of his § 2255 motion on or before **Monday, November 20, 2023,** or otherwise risk dismissal of his case with prejudice.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] The stakes may be higher than Petitioner realizes. If his habeas case is dismissed with prejudice for failure to prosecute, any subsequent § 2255 motion Petitioner may attempt to bring based on his same conviction may be limited or barred by the prohibition against unauthorized second or successive habeas petitions. *See Cole v. On Habeas Corpus*, No. 1:11-CV-00800-GSA-HC, 2011 U.S. Dist. LEXIS 59478, at *1–2 (E.D. Cal. June 3, 2011) ("A dismissal for failure to prosecute is treated as a judgment on the merits . . . . If a previous petition is deemed to have been decided on the merits, then a subsequent petition raising the same claims or challenging the same conviction is treated as a successive petition pursuant to 28 U.S.C. § 2244(b).") (internal citations omitted).